Dear Representative Reilly:
You have requested an opinion from this office "as to when and how the constitutionality of the membership of the Board of Regents must be re-established." In your request, you summarize the facts to be as follows:
 . . . due to the 1992 reapportionment of Louisiana's congressional districts, the present membership of the Louisiana Board of Regents conflicts with the requirements of Article VIII, Section 5(B) of the Louisiana Constitution. LSA-Const. Art. VIII, Section 5(B) provides:
 (B) Membership; Terms. The board shall consist of fifteen electors appointed by the governor, with consent of the Senate, for overlapping terms of six years, following initial terms which shall be fixed by law. At least one member, but no more than two members, shall be appointed from each congressional district.
 Given Louisiana's seven congressional districts as presently drawn and the present membership of the Board of Regents it is clear that District 6 with 3 members serving unexpired terms and District 5 with 2 members serving unexpired terms and 2 members serving expired terms are in direct violation of the above provisions.
As you point out, a conflict exists between Article VIII, Section 5(B) of the Louisiana Constitution, which is the provision that structures the membership of the Board of Regents and the current districting scheme. The present membership of the board, however is not in violation of Article VIII, Section 5(B).
This conflict around which your inquiry turns arose when Act 42 of the 1992 Regular Session enacted LSA-R.S. 18:1276.3 to provide for the redistricting of the state's congressional districts by reapportioning Louisiana's population into seven districts instead of eight. Since the Act's new seven district scheme was to provide as well with respect to elected and appointed positions and offices which were based upon congressional districts, it is plainly irreconcilable with the aforementioned Article VIII which specifies that the board consist of 15 members, but not more than two from any congressional district. With seven districts, the board may be composed of 15 members or 2 from every district, but never both, despite the constitutional mandate to the contrary.
Therefore, the answer to your question relating to "when and how the constitutionality of the membership of the Board of Regents must be re-established," depends upon when the voters approve a constitutional amendment that adapts the membership of the Board of Regents to Louisiana's present seven congressional districts. Until that time, there is no cure or remedy that will resolve the existing conflict.
LSA-R.S. 18:1276.3(G) is also relevant since it addresses the terms of members serving when the seven district scheme became effective on June 1, 1992. It provides:
 G. This section shall not reduce the term of any person holding any position or office on June 1, 1992 for which the appointment or election is based upon a congressional district.
This provision demonstrates a legislative intent to allow a member to remain in his position regardless of whether or not that position would continue to exist under the seven district configuration as it had under eight. This intent allows for the conclusion that, as of June 1, 1992 when Act 42 became effective, the district calculation will be governed by the current district of a board member's residence. In other words, if a member's residence was in the eighth district, on June 1, 1992 he might become a fifth district appointment. Likewise, if the membership exceeds the two-per-district constitutional mandate after redistricting, such excess is expressly permissible.
You refer to District 6 with 3 members serving unexpired terms as being "in direct violation" of the terms of LSA-Const. Art. VIII: however, LSA-R.S. 18:1276.3(G) specifically allows for the membership to exceed the constitutional limit of two members per congressional district in situations precisely like that of District 6.
The situation in District 5 is more complicated, however, since four members are currently serving and the terms of two of the members expired on December 31, 1992. As you note in your request, Attorney General's Opinion Number 92-581 interpreted the language of LSA-R.S. 18:1276.3(G) to mean that "those members currently serving on the board shall continue to hold office until their respective terms expire." It is our opinion that neither of the members of District 5 whose terms have expired may be reappointed, since LSA-Const. Art. VIII, Section 5(B) mandates that they be replaced with residents of districts not currently represented by at least two members. Members of Districts 1 and 7 whose terms also expired on December 31, 1992, may be constitutionally reappointed, should the governor choose to do so.
As terms expire, gubernatorial appointments must be selected from districts not yet represented by at least two members. In this manner, the membership of the Board of Regents will comply as nearly as possible with Louisiana's Constitutional provision, although the current seven district scheme will eventually preclude complete compliance. Because the three positions of District 6 are legislatively authorized, the four pending gubernatorial appointments may be selected from Districts 1, 3, 4 and 7, which would allow the Regents membership to remain constitutional until December 31, 1994, when the terms of two sixth district members expire. At that time, one sixth district appointment may be made, but every other district will have reached the maximum constitutional limit at two each.
It is imperative, therefore, that the legislature seek to remedy the conflict at the earliest possible opportunity. Without remedial action the provisional conflict will take on new meaning in 1995, the contradictory laws may be entrusted to the courts who will remedy our legislative conflict with their own judicially constructed solution.
Until the new appointments are made, those members whose terms have expired continue to sit in accordance with LSA-R.S.42:2 which states that:
 Every public officer in this state except in case of impeachment or suspension, shall continue to discharge the duties of his office until his successor is inducted into office.
Consistent with Attorney General's Opinion Number 92-561, each member whose term has expired is "required to serve pending the governor's appointment of his successor."
As a legislator wishing to rectify the conflicts that currently affect the membership of the Board of Regents, we suggest that you again propose a constitutional amendment that adapts the Board of Regents' membership to accommodate a seven district scheme. The proposal which was rejected by the voters on October 3, 1992 is probably the most obvious solution since it simply converted the 15th odd-man-over the seven pairs into an at-large member. Another option is to amend the holdover provision to provide for a reasonable temporal limit, since the statute does not require voter approval.
We trust that this opinion will underscore the immediate necessity of some legislative action if the Board of Regents is to retain any degree of stability in its membership.
In summary, it is the opinion of this office that the governor should make appointments to the Board of Regents to replace members whose terms have expired by choosing residents of any district not yet represented by at least two members, but neither of the members of District 5 whose terms have expired may be reappointed.
Trusting that the above answers your questions, I remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
RPI:ams